IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| Cox Operating, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| M/V ATINA, IMO No. 9593000, | § | Civil Action No. |
| ALONG WITH ITS ENGINES, | § | |
| TACKLE, APPAREL, BOILERS, | § | ADMIRALTY |
| FURNITURE, EQUIPMENT, | § | |
| APPURTENANCES, ETC., *in rem*, and | § | |
| HANZHOU 1 LTD and CINER SHIP | § | |
| MANAGEMENT, *in personam,* | § | |
| | § | |
| Defendants. | § | |

## VERIFIED COMPLAINT

Plaintiff, Cox Operating, LLC, ("Cox Oil") files this Verified Complaint seeking damages and the arrest of the M/V ATINA, IMO No. 9593000 (the "Vessel") pursuant to Rule C of the Supplemental Rules for Certain Admiralty and Maritime Claims ("Supplemental Rules"). In support of its Verified Complaint, Cox Oil respectfully avers as follows:

## I.
## PARTIES

1.    Plaintiff, Cox Operating, LLC, is limited liability company registered to do and is conducting business in Louisiana within the jurisdiction of this Court and a principal place of business in Dallas, Texas.

2.     The M/V ATINA is currently located within the Eastern District of Louisiana and the jurisdiction of this Court.

3.    This is an action against the Vessel, its engines, tackle, apparel, boilers, equipment and appurtenances, etc., *in rem*, to enforce Cox Oil's maritime lien over the Vessel.

4.     Upon information and belief, HANZHOU 1 LTD, is the registered owner of the Vessel and a corporation in Turkey, with its business location care of Ciner Gemi Acente Isletmeleri Sanayi ve Ticaret AS (Ciner Ship Management), Mithat Ulu Unlu Sokak 3, Esentepe Mah, Sisli, 34394 Istanbul, Turkey.

5.     Upon information and belief, CINER SHIP MANAGEMENT, is the manager of the Vessel and a corporation in Turkey with its business location located at Mithat Ulu Unlu Sokak 3, Esentepe Mah, Sisli, 34394 Istanbul, Turkey.

6.     This is also an *in personam* action against Defendants, HANZHOU 1 LTD and CINER SHIP MANAGEMENT.

## II.
## JURISDICTION AND VENUE

7.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1333 because this action is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and the Supplemental Rules For Certain Admiralty and Maritime Claims, based on maritime tort.

8.     Venue is proper in this district because the Vessel is located or will soon be located within this district, in accordance with 28 U.S.C. § 1391(b).

## III.
## STATEMENT OF FACTS

9.     On or about October 17, 2020, the M/V ATINA was operating near Southwest Pass anchorage south of Southwest Pass in the Mississippi River.

10.     Upon information and belief the M/V ATINA is owned and operated by Defendants, HANZHOU 1 LTD and CINER SHIP MANAGEMENT.

11.     At approximately 4:30 a.m., the M/V ATINA drifted off anchorage and forcefully allided with the northwest corner on the north side of Cox Oil Platform 58-B (the "Platform") located off the coast of Louisiana.

12.     At all times, the Platform was properly lit.

13.     The allision of the M/V ATINA with the Platform caused significant damage to the bottom of the Platform, requiring the Platform to shut down as a result.

14.     This shut down will cost Cox Oil a loss of approximately 1,500 barrels of oil per day.

15.     At the time of the incident, crewmembers were asleep on the Platform and were roused by the allision.

16.     Not long thereafter, crewmembers were evacuated from the Platform by helicopter.

17.     The Platform is currently unable to operate and will need significant repairs.

18.     To date, the M/V ATINA, her owners and/or agents have failed to compensate or provide security to Cox Oil for the property damage to the Platform or the economic losses sustained as a result of the allision.

## IV.
## CAUSES OF ACTION

### NEGLIGENCE

19.     Paragraphs 1-18 are incorporated herein as if set forth in full.

20.     The M/V ATINA and Defendants, HANZHOU 1 LTD and CINER SHIP MANAGEMENT, owed Cox Oil a legal duty under the general maritime law to observe the standard of good and prudent seamanship and to exercise reasonable care when navigating and to avoid the resulting allision.

21.     The M/V ATINA and Defendants, HANZHOU 1 LTD and CINER SHIP MANAGEMENT, also had a statutory duty to follow the navigational rules of the road. *The Pennsylvania*, 86 U.S. (19 Wall.) 125 (1873). Defendants breached that duty by, among other things, failing to use all available means to avoid the risk of allision and by other acts or omissions which will be shown at trial.  These acts or omissions caused the M/V ATINA to allide with the Platform.

22.     A presumption of fault also arises when a vessel allides with a stationary object. *The Oregon*, 158 U.S. 186 (1895).  That presumption is implicated here because the M/V ATINA struck stationary property owned by Cox Oil.

23.     The allision occurred as a result of the negligence, fault or carelessness of the M/V ATINA and Defendants, HANZHOU 1 LTD and CINER SHIP MANAGEMENT, and/or their principals, agents and/or employees, and/or the unseaworthiness of the M/V ATINA, which was within the privity and knowledge of the HANZHOU 1 LTD and CINER SHIP MANAGEMENT, its principals, agents and/or employees.

24.     Cox Oil did not cause the allision and/or the damages suffered therefrom.

25.     Pursuant to Rule C of the Supplemental Rules for Certain Admiralty and Maritime Claims, Cox Oil is entitled to have the Vessel and her engines, tackle, apparel, boilers, equipment and appurtenances, etc., seized and held for public sale.

## V.
## DAMAGES

26.     As a result of the negligence and unseaworthiness on the part of the M/V ATINA and Defendants, HANZHOU 1 LTD and CINER SHIP MANAGEMENT, Cox Oil has sustained both physical and economic losses and damages that are currently expected to exceed $225,000,000.00.  These losses and damages include, among other things, the physical damage

and economic damage resulting from the loss of use of the Platform as a result of the allision set forth above.

## VI.
## PRAYER

27.     **WHEREFORE**, Plaintiff, Cox Operating, LLC, respectfully requests:

a.   That process *in rem* pursuant to Rule C of the Supplemental Rules for Certain Admiralty and Maritime Claims issue against the M/V ATINA, IMO No. 9593000, her engines, tackle, apparel, boilers, equipment and appurtenances, etc., *in rem,* and that all persons having or claiming any interest therein be cited to appear in and answer, under oath, all and singular the matters aforesaid, and that the said M/V ATINA be seized and sold to satisfy the amounts owed to Cox Oil, as set forth herein;

b.   That this Court issue a final judgment *in rem* against the M/V ATINA and *in personam* against Defendants, HANZHOU 1 LTD and CINER SHIP MANAGEMENT, in the full amount due as set forth herein, including prejudgment interest, costs, expenses and attorneys' fees;

c.   That notice of these proceedings be given to the master of the M/V ATINA; and

d.   That this Court grant Cox Oil such other and further relief which it may deem just and proper.

Dated October 18, 2020.

Respectfully submitted,

*/s/ Jefferson R. Tillery*

JEFFERSON R. TILLERY (#17831)
MARC C. HEBERT (#23122)
C. BARRETT RICE (#30034)
JEANNE L. AMY (# 37012)
JONES WALKER LLP
201 St. Charles Avenue - 48th Floor
New Orleans, Louisiana 70170-5100
Telephone:      (504) 582-8616
Facsimile:      (504) 589-8616
E-Mail:         jtillery@joneswalker.com
                mhebert@joneswalker.com
                brice@joneswalker.com
                jamy@joneswalker.com

***Attorneys for Plaintiff, Cox Operating, LLC***