IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| Cox Operating, LLC, | § § § § § § § § § § § § § § § § | |
| Plaintiff, | | |
| v. | | |
| M/V ATINA, IMO No. 9593000, ALONG WITH ITS ENGINES, TACKLE, APPAREL, BOILERS, FURNITURE, EQUIPMENT, APPURTENANCES, ETC., *in rem*, and HANZHOU 1 LTD and CINER SHIP MANAGEMENT, *in personam,* | | Civil Action No. 2:20-cv-02845 ADMIRALTY |
| Defendants. | | |

## AMENDED VERIFIED COMPLAINT

Plaintiff, Cox Operating, LLC, ("Cox Oil") files this Amended Verified Complaint pursuant to Federal Rule of Civil Procedure 15(a)(1)(A), seeking damages and the arrest of the M/V ATINA, IMO No. 9593000 (the "Vessel") pursuant to Rule C of the Supplemental Rules for Certain Admiralty and Maritime Claims ("Supplemental Rules").

In support of its Verified Complaint,[1] Cox Oil respectfully amends Paragraph 11 of its Verified Complaint as follows:

11. At approximately 4:30 a.m., the M/V ATINA drifted off anchorage and forcefully allided with the northwest corner on the north side of Cox Oil Platform 57-B (the "Platform") located off the coast of Louisiana.

In further support of its Verified Complaint, Cox Oil respectfully amends it Verified Complaint, upon information and belief, to add the following allegations:

---

[1] In accordance with Rule 10(c) of the Federal Rules of Civil Procedure, the Verified Complaint (R. Doc. 1) is hereby adopted by reference in this Amended Verified Complaint and attached hereto as Exhibit A.

{N4104034.1}

28. Paragraphs 1-27 of the Verified Complaint are incorporated herein as if set forth in full.

29. Further named defendant herein is Captain F. Onur Hurmuzlu, upon information and belief that he was Master of the Vessel at the time of the allision.

30. Captain Hurmuzlu was in the course and scope of his employment at the time of the allision underlying this lawsuit.

31. As the Master of the Vessel, Captain Hurmuzlu owed Cox Oil a legal duty under the general maritime law to cause the Vessel to be operated competently and in a reasonable manner, including among other things to cause the Vessel to be navigated in such a manner to avoid the allision that resulted as due to Captain Hurmuzlu's negligence.

32. Captain Hurmuzlu, in breach of his duty to Cox Oil, caused the Vessel not to be operated competently and reasonably by, among other things, (a) failing to properly supervise other officers and crewmembers, (b) failing to operate the vessel with reasonable care, (c) otherwise failing to intervene to prevent the allision underlying the instant suit.

33. Captain Hurmuzlu also had a statutory duty to follow the navigational rules of the road. *The Pennsylvania*, 86 U.S. (19 Wall.) 125 (1873). Captain Hurmuzlu breached that duty by, among other things, failing to use all available means to avoid the risk of allision and by other acts or omissions which will be shown at trial. The acts or omissions of Captain Hurmuzlu caused the M/V ATINA to allide with the Platform.

34. A presumption of fault also arises when a vessel allides with a stationary object. *The Oregon*, 158 U.S. 186 (1895). That presumption is implicated here, and arises against Captain Hurmuzlu, because the M/V ATINA struck the stationary Platform owned by Cox Oil.

35. In light of the foregoing, Captain Hurmuzlu should be held personally liable for his negligence and for the breach of duty owed to Cox Oil.

## DAMAGES

36. Further to the damages pled in the Verified Complaint, Cox Oil has sustained both physical and economic losses and damages that include, among other things, property damage, response costs, plug and abandon costs, and lost reserves resulting from the loss of use of the Platform as a result of the allision.

## PRAYER

33. Cox Oil hereby incorporates by reference Paragraphs 1-27 of the Verified Complaint and Paragraphs 28-36 of this Amended Verified Complaint herein as if set forth in full, including any allegations contained in any preamble or unnumbered or unnamed paragraph and any prayer for relief stated in the Verified Complaint.

**WHEREFORE**, Plaintiff, Cox Operating, LLC, respectfully requests the following in addition to the prayer so prayed for in the Verified Complaint:

a. That process *in rem* pursuant to Rule C of the Supplemental Rules for Certain Admiralty and Maritime Claims issue against the M/V ATINA, IMO No. 9593000, her engines, tackle, apparel, boilers, equipment and appurtenances, etc., *in rem,* and that all persons having or claiming any interest therein be cited to appear in and answer, under oath, all and singular the matters aforesaid, and that the said M/V ATINA be seized and sold to satisfy the amounts owed to Cox Oil, as set forth herein;

b. That this Court issue a final judgment *in rem* against the M/V ATINA and *in personam* against Defendants, HANZHOU 1 LTD, CINER SHIP

MANAGEMENT, and Captain F. Onur Hurmuzlu in the full amount due as set forth herein, including prejudgment interest, costs, expenses and attorneys' fees;

c. That notice of these proceedings be given to the master of the M/V ATINA; and

d. That this Court grant Cox Oil such other and further relief which it may deem just and proper.

Dated October 20, 2020.

Respectfully submitted,

*/s/ Jefferson R. Tillery*
JEFFERSON R. TILLERY (#17831)
MARC C. HEBERT (#23122)
C. BARRETT RICE (#30034)
JEANNE L. AMY (# 37012)
JONES WALKER LLP
201 St. Charles Avenue - 48th Floor
New Orleans, Louisiana 70170-5100
Telephone:   (504) 582-8616
Facsimile:    (504) 589-8616
E-Mail:         jtillery@joneswalker.com
                   mhebert@joneswalker.com
                   brice@joneswalker.com
                   jamy@joneswalker.com
**Attorneys for Plaintiff, Cox Operating, LLC**