IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| Cox Operating, LLC, | § § § | |
| Plaintiff, | § § | |
| v. | § § | |
| M/V ATINA, IMO No. 9593000, ALONG WITH ITS ENGINES, TACKLE, APPAREL, BOILERS, FURNITURE, EQUIPMENT, APPURTENANCES, ETC., *in rem*, and HANZHOU 1 LTD and CINER SHIP MANAGEMENT, *in personam*, | § § § § § § § § § § | Civil Action No.<br><br>ADMIRALTY |
| Defendants. | § | |

## VERIFIED COMPLAINT

Plaintiff, Cox Operating, LLC, ("Cox Oil") files this Verified Complaint seeking damages and the arrest of the M/V ATINA, IMO No. 9593000 (the "Vessel") pursuant to Rule C of the Supplemental Rules for Certain Admiralty and Maritime Claims ("Supplemental Rules"). In support of its Verified Complaint, Cox Oil respectfully avers as follows:

### I.
### PARTIES

1. Plaintiff, Cox Operating, LLC, is limited liability company registered to do and is conducting business in Louisiana within the jurisdiction of this Court and a principal place of business in Dallas, Texas.

2. The M/V ATINA is currently located within the Eastern District of Louisiana and the jurisdiction of this Court.

3. This is an action against the Vessel, its engines, tackle, apparel, boilers, equipment and appurtenances, etc., *in rem*, to enforce Cox Oil's maritime lien over the Vessel.

{N4103992.1}



4. Upon information and belief, HANZHOU 1 LTD, is the registered owner of the Vessel and a corporation in Turkey, with its business location care of Ciner Gemi Acente Isletmeleri Sanayi ve Ticaret AS (Ciner Ship Management), Mithat Ulu Unlu Sokak 3, Esentepe Mah, Sisli, 34394 Istanbul, Turkey.

5. Upon information and belief, CINER SHIP MANAGEMENT, is the manager of the Vessel and a corporation in Turkey with its business location located at Mithat Ulu Unlu Sokak 3, Esentepe Mah, Sisli, 34394 Istanbul, Turkey.

6. This is also an *in personam* action against Defendants, HANZHOU 1 LTD and CINER SHIP MANAGEMENT.

## II.
## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1333 because this action is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and the Supplemental Rules For Certain Admiralty and Maritime Claims, based on maritime tort.

8. Venue is proper in this district because the Vessel is located or will soon be located within this district, in accordance with 28 U.S.C. § 1391(b).

## III.
## STATEMENT OF FACTS

9. On or about October 17, 2020, the M/V ATINA was operating near Southwest Pass anchorage south of Southwest Pass in the Mississippi River.

10. Upon information and belief the M/V ATINA is owned and operated by Defendants, HANZHOU 1 LTD and CINER SHIP MANAGEMENT.

11. At approximately 4:30 a.m., the M/V ATINA drifted off anchorage and forcefully allided with the northwest corner on the north side of Cox Oil Platform 58-B (the "Platform") located off the coast of Louisiana.

12. At all times, the Platform was properly lit.

13. The allision of the M/V ATINA with the Platform caused significant damage to the bottom of the Platform, requiring the Platform to shut down as a result.

14. This shut down will cost Cox Oil a loss of approximately 1,500 barrels of oil per day.

15. At the time of the incident, crewmembers were asleep on the Platform and were roused by the allision.

16. Not long thereafter, crewmembers were evacuated from the Platform by helicopter.

17. The Platform is currently unable to operate and will need significant repairs.

18. To date, the M/V ATINA, her owners and/or agents have failed to compensate or provide security to Cox Oil for the property damage to the Platform or the economic losses sustained as a result of the allision.

## IV. CAUSES OF ACTION

### NEGLIGENCE

19. Paragraphs 1-18 are incorporated herein as if set forth in full.

20. The M/V ATINA and Defendants, HANZHOU 1 LTD and CINER SHIP MANAGEMENT, owed Cox Oil a legal duty under the general maritime law to observe the standard of good and prudent seamanship and to exercise reasonable care when navigating and to avoid the resulting allision.

21.     The M/V ATINA and Defendants, HANZHOU 1 LTD and CINER SHIP MANAGEMENT, also had a statutory duty to follow the navigational rules of the road. *The Pennsylvania*, 86 U.S. (19 Wall.) 125 (1873). Defendants breached that duty by, among other things, failing to use all available means to avoid the risk of allision and by other acts or omissions which will be shown at trial. These acts or omissions caused the M/V ATINA to allide with the Platform.

22.     A presumption of fault also arises when a vessel allides with a stationary object. *The Oregon*, 158 U.S. 186 (1895). That presumption is implicated here because the M/V ATINA struck stationary property owned by Cox Oil.

23.     The allision occurred as a result of the negligence, fault or carelessness of the M/V ATINA and Defendants, HANZHOU 1 LTD and CINER SHIP MANAGEMENT, and/or their principals, agents and/or employees, and/or the unseaworthiness of the M/V ATINA, which was within the privity and knowledge of the HANZHOU 1 LTD and CINER SHIP MANAGEMENT, its principals, agents and/or employees.

24.     Cox Oil did not cause the allision and/or the damages suffered therefrom.

25.     Pursuant to Rule C of the Supplemental Rules for Certain Admiralty and Maritime Claims, Cox Oil is entitled to have the Vessel and her engines, tackle, apparel, boilers, equipment and appurtenances, etc., seized and held for public sale.

## V.
## DAMAGES

26.     As a result of the negligence and unseaworthiness on the part of the M/V ATINA and Defendants, HANZHOU 1 LTD and CINER SHIP MANAGEMENT, Cox Oil has sustained both physical and economic losses and damages that are currently expected to exceed $225,000,000.00. These losses and damages include, among other things, the physical damage

and economic damage resulting from the loss of use of the Platform as a result of the allision set forth above.

## VI.
## PRAYER

27. **WHEREFORE**, Plaintiff, Cox Operating, LLC, respectfully requests:

   a. That process *in rem* pursuant to Rule C of the Supplemental Rules for Certain Admiralty and Maritime Claims issue against the M/V ATINA, IMO No. 9593000, her engines, tackle, apparel, boilers, equipment and appurtenances, etc., *in rem,* and that all persons having or claiming any interest therein be cited to appear in and answer, under oath, all and singular the matters aforesaid, and that the said M/V ATINA be seized and sold to satisfy the amounts owed to Cox Oil, as set forth herein;

   b. That this Court issue a final judgment *in rem* against the M/V ATINA and *in personam* against Defendants, HANZHOU 1 LTD and CINER SHIP MANAGEMENT, in the full amount due as set forth herein, including prejudgment interest, costs, expenses and attorneys' fees;

   c. That notice of these proceedings be given to the master of the M/V ATINA; and

   d. That this Court grant Cox Oil such other and further relief which it may deem just and proper.

Dated October 18, 2020.

Respectfully submitted,

*/s/ Jefferson R. Tillery*

JEFFERSON R. TILLERY (#17831)
MARC C. HEBERT (#23122)
C. BARRETT RICE (#30034)
JEANNE L. AMY (# 37012)
JONES WALKER LLP
201 St. Charles Avenue - 48th Floor
New Orleans, Louisiana 70170-5100
Telephone: (504) 582-8616
Facsimile: (504) 589-8616
E-Mail: jtillery@joneswalker.com
mhebert@joneswalker.com
brice@joneswalker.com
jamy@joneswalker.com

**Attorneys for Plaintiff, Cox Operating, LLC**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| Cox Operating, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| M/V ATINA, IMO No. 9593000, | § | Civil Action No. |
| ALONG WITH ITS ENGINES, | § | |
| TACKLE, APPAREL, BOILERS, | § | ADMIRALTY |
| FURNITURE, EQUIPMENT, | § | |
| APPURTENANCES, ETC., *in rem*, and | § | |
| HANZHOU 1 LTD and CINER SHIP | § | |
| MANAGEMENT, *in personam*, | § | |
| | § | |
| Defendants. | § | |

## **VERIFICATION**

My name is Vincent DeVito, I am over the age of 21, and am competent to give this declaration under penalty of perjury. All facts stated herein are true and correct and are within my personal knowledge.

1. I am Executive Vice President and General Counsel of Cox Operating, LLC, which is the plaintiff in the above-captioned matter;

2. I have read the foregoing Verified Complaint, and it is true and correct to the best of my knowledge, information and belief;

3. The sources of my knowledge, information and belief are through my position of Executive Vice President and General Counsel, my personal knowledge arising from the course and scope of my employment and my review of certain business records, which are ordinarily kept and readily accessible to me; and

4. I am authorized to make this Verification on behalf of Cox Operating, LLC.

{N4104018.1}

5. In accordance with 28 U.S.C. § 1746, I declare under penalty of perjury of the laws of the United States of America that the foregoing is true and correct.

Executed this 18th day of October, 2020.

_[signature]_

Vincent DeVito
Executive Vice President and General Counsel
Cox Operating, LLC

Case 2:20-cv-02845-GEKP Document 1-2 Filed 10/18/2020 Page 9 of 10

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Cox Operating, LLC

### DEFENDANTS
M/V ATINA, IMO No. 9593000; HANZHOU 1 LTD; CINER SHIP MANAGEMENT

**(b)** County of Residence of First Listed Plaintiff: Dallas
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: MALTA
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Jefferson R. Tillery (#17821), Jones Walker LLP, 201 St. Charles Ave. Ste. 5100, New Orleans, LA 70170, 504-582-8616

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*
- [ ] 1 U.S. Government Plaintiff
- [x] 3 Federal Question (U.S. Government Not a Party)
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- [ ] 110 Insurance
- [ ] 120 Marine
- [ ] 130 Miller Act
- [ ] 140 Negotiable Instrument
- [ ] 150 Recovery of Overpayment & Enforcement of Judgment
- [ ] 151 Medicare Act
- [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- [ ] 153 Recovery of Overpayment of Veteran's Benefits
- [ ] 160 Stockholders' Suits
- [ ] 190 Other Contract
- [ ] 195 Contract Product Liability
- [ ] 196 Franchise

**TORTS — PERSONAL INJURY**
- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault, Libel & Slander
- [ ] 330 Federal Employers' Liability
- [x] 340 Marine
- [ ] 345 Marine Product Liability
- [ ] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [ ] 360 Other Personal Injury
- [ ] 362 Personal Injury - Medical Malpractice

**TORTS — PERSONAL INJURY**
- [ ] 365 Personal Injury - Product Liability
- [ ] 367 Health Care/Pharmaceutical Personal Injury Product Liability
- [ ] 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- [ ] 370 Other Fraud
- [ ] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

**REAL PROPERTY**
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

**CIVIL RIGHTS**
- [ ] 440 Other Civil Rights
- [ ] 441 Voting
- [ ] 442 Employment
- [ ] 443 Housing/Accommodations
- [ ] 445 Amer. w/Disabilities - Employment
- [ ] 446 Amer. w/Disabilities - Other
- [ ] 448 Education

**PRISONER PETITIONS — Habeas Corpus:**
- [ ] 463 Alien Detainee
- [ ] 510 Motions to Vacate Sentence
- [ ] 530 General
- [ ] 535 Death Penalty

**Other:**
- [ ] 540 Mandamus & Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Condition
- [ ] 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 690 Other

**LABOR**
- [ ] 710 Fair Labor Standards Act
- [ ] 720 Labor/Management Relations
- [ ] 740 Railway Labor Act
- [ ] 751 Family and Medical Leave Act
- [ ] 790 Other Labor Litigation
- [ ] 791 Employee Retirement Income Security Act

**IMMIGRATION**
- [ ] 462 Naturalization Application
- [ ] 465 Other Immigration Actions

**BANKRUPTCY**
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- [ ] 820 Copyrights
- [ ] 830 Patent
- [ ] 835 Patent - Abbreviated New Drug Application
- [ ] 840 Trademark
- [ ] 880 Defend Trade Secrets Act of 2016

**SOCIAL SECURITY**
- [ ] 861 HIA (1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g))
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g))

**FEDERAL TAX SUITS**
- [ ] 870 Taxes (U.S. Plaintiff or Defendant)
- [ ] 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- [ ] 375 False Claims Act
- [ ] 376 Qui Tam (31 USC 3729(a))
- [ ] 400 State Reapportionment
- [ ] 410 Antitrust
- [ ] 430 Banks and Banking
- [ ] 450 Commerce
- [ ] 460 Deportation
- [ ] 470 Racketeer Influenced and Corrupt Organizations
- [ ] 480 Consumer Credit (15 USC 1681 or 1692)
- [ ] 485 Telephone Consumer Protection Act
- [ ] 490 Cable/Sat TV
- [ ] 850 Securities/Commodities/Exchange
- [ ] 890 Other Statutory Actions
- [ ] 891 Agricultural Acts
- [ ] 893 Environmental Matters
- [ ] 895 Freedom of Information Act
- [ ] 896 Arbitration
- [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- [ ] 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*
- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. 1333

Brief description of cause:
In rem Vessel arrest due to allision; in personam action against owners and operators of the Vessel

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** [ ] Yes [x] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE: Oct 18, 2020

SIGNATURE OF ATTORNEY OF RECORD: /s/ Jefferson R. Tillery

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I.(a) **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.
 (b) **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)
 (c) **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II. **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

III. **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV. **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

V. **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

VI. **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service.

VII. **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII. **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.