UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**COX OPERATING, LLC**  CIVIL ACTION

**VERSUS**  NO: 20-2845
  c/w 20-2871

**ATINA M/V ET AL.**  SECTION "H"
  **(Applies to 20-2845)**

## ORDER AND REASONS

Before the Court is Cox Operating, LLC's Motion to Lift Stay and Request Security (Doc. 36). For the following reasons, the Motion is DENIED.

## BACKGROUND

On October 18, 2020, Cox Operating, LLC ("Cox") moved this Court for the issuance of a Warrant of Arrest on the M/V ATINA in connection with damages it incurred when the M/V ATINA allided with its offshore platform ("the Arrest Action").[1] On October 21, 2020, the M/V ATINA was arrested. In response, Hanzhou 1 Ltd., as owner of the M/V ATINA; Atina Maritime Limited, as bareboat charterer; and Besiktas Likid Tasimacilik Denizcilik

---

[1] Case No. 20-2845.

1

Ticaret A.S. and Ciner Ship Management, as managers (collectively "Petitioners"), filed a Limitation of Liability action ("the Limitation Action").[2] The two matters were consolidated before this Court. In the Limitation Action, Petitioners furnished a letter of undertaking in the amount of the value of the M/V ATINA and her freight, and all claims against Petitioners related to the incident were stayed, including Cox's claims in the Arrest Action.

In the instant motion, Cox asks this Court to temporarily lift the stay of the Arrest Action and require Petitioners to post a separate bond in favor of Cox in that matter. Petitioners oppose this request.

## LAW AND ANALYSIS

Cox argues that the security that was posted by Petitioners in the Limitation Action inures to the benefit of all claimants, whereas security posted for release of a vessel after arrest would inure only to the benefit of the party that seized the vessel—here, Cox. It argues, therefore, that the Arrest Action entitles it to a bond in the value of the vessel in favor of it alone.

In support of its request, Cox relies primarily on the court's opinion in *El Paso Production GOM Inc. v. Smith*.[3] In *El Paso Production*, the plaintiffs asserted a maritime lien against the Barge UR-95 ("the Barge") and sought its arrest.[4] The vessel was arrested, and its owners provided a letter of undertaking to secure its release.[5] Thereafter, the Barge's owners filed a limitation of liability action.[6] They did not provide additional security but

---

[2] Case No. 20-2871.
[3] 406 F. Supp. 2d 671 (E.D. La. 2005).
[4] *Id.* at 673.
[5] *Id.*
[6] *Id.*

2

sought to use the letter of undertaking as security for the limitation proceeding.[7] The lien-holders objected to the use of the letter of undertaking as security in the limitation proceeding.[8] The court agreed with the lien-holders and held that the letter of undertaking did not satisfy the requirements of the Limitation of Liability Act to create a concursus and stay other actions arising out of the incident.[9] "[T]he burden of invoking section 185 [of the Limitation of Liability Act] is on the shipowner, and the shipowner cannot claim its protections without first complying with its terms."[10] Accordingly, the court ordered the Barge's owners to provide new security for the limitation action.[11] It also noted that because the Barge's owners had *voluntarily* "given security in exchange for the release of the Barge UR-95, the Owners will not now be heard to complain that it is unfair to require them to maintain that security."[12]

Nothing about the court's holding in *El Paso Production* stands for the proposition that Petitioners can be required to post additional security in the Arrest Action. In *El Paso Production*, the security provided by the Barge's owners in exchange for release of the Barge was voluntary. Cox has not cited to any case in which a court required a vessel owner to post additional security outside of a limitation action in favor of only one claimant. Further, even assuming that such relief was possible, Petitioners contend that the M/V ATINA left this judicial district after it was released from arrest, and this

---

[7] *Id.*
[8] *Id.* at 674.
[9] *Id.* at 678–79.
[10] *Id.* at 678.
[11] *Id.* at 679.
[12] *Id.* at 678.

Court therefore lacks jurisdiction over the vessel. Cox does not provide any evidence otherwise.

## **CONCLUSION**

For the foregoing reasons, the Motion is DENIED.

New Orleans, Louisiana this 19th day of January, 2021.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**