UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **COX OPERATING, L.L.C.** | * | **CIVIL ACTION** |
| **VERSUS** | * | **NO. 20-2845 C/W 20-2871** |
| **M/V ATINA ET AL** | * | **SECTION "H" (2)** |
| | * | **JUDGE MILAZZO**<br>**MAG. CURRAULT** |
| | * | |
| *   *   *   *   *   *   *   * | | **APPLIES TO 20-2871** |

**THIRD-PARTY DEMAND**

NOW INTO COURT, through undersigned counsel, pursuant to Rule 14(c) of the Federal Rules of Civil Procedure, come Hanzhou 1 Ltd, as owner, Atina Maritime Limited, as bareboat charterer, and Besiktas Likid Tasimacilik Denizcilik Ticaret A.S. and Ciner Ship Management, as managers of the M/T ATINA, and the M/T ATINA, *in rem* (collectively the "ATINA Interests" or "Third-Party Plaintiffs"), to assert this Third-Party Demand against the Associated Branch Pilots of the Port of New Orleans ("Branch Pilots"), and in support thereof, respectfully show as follows:

1.

At all times material hereto, Third-Party Plaintiff Hanzhou 1 Ltd ("Hanzhou"), is a company organized and existing under and by virtue of the laws of Malta, with its principal place of business in Malta, and is the owner of the M/T ATINA.

2.

At all times material hereto, Third-Party Plaintiff Atina Maritime Limited ("Atina Maritime"), is a company organized and existing under and by virtue of the laws of Malta, with its principal place of business in Malta, and is the bareboat charterer of the M/T ATINA.

1

3.

At all times material hereto, Third-Party Plaintiff Besiktas Likid Tasimacilik Denizcilik Ticaret A.S. ("Besiktas") is a company organized and existing under and by virtue of the laws of Turkey, with its principal place of business in Turkey, and is the technical and crew manager of the M/T ATINA.

4.

At all times material hereto, Third-Party Plaintiff Ciner Ship Management ("Ciner") is a company organized and existing under and by virtue of the laws of Turkey, with its principal place of business in Turkey, and is the commercial manager of the M/T ATINA.

5.

The M/T ATINA is a crude oil tanker bearing IMO number 9593000 and flagged under the laws of Malta with a length overall of 273.7m, a breadth of 48m, and a gross tonnage of 83,377mt.

6.

Cox Operating, LLC ("Cox") is a limited liability company registered to do and doing business in Louisiana, within the jurisdiction of this Court, and with a principal place of business in Dallas, TX.

7.

On October 18, 2020, Cox filed their Verified Complaint in Civil Action No. 20-2845 [R. Doc. 1] asserting an admiralty and maritime claim under Federal Rule of Civil Procedure 9(h) and seeking damages and the arrest of the M/T ATINA related to an incident that occurred in the early morning hours of October 17, 2020, when the M/T ATINA allided with the Cox SP 57B platform in the Gulf of Mexico (hereinafter the "Incident") [R. Doc. 1] ("Cox's Original

Lawsuit"). On October 21, 2020, ATINA Interests filed their Petition for Exoneration from or Limitation of Liability, Civil Action No. 20-2871 [R. Doc. 1] ("Limitation Proceedings"). The suits thereafter were consolidated.

8.

Cox filed a claim against the Limitation Petitioners/Third-Party Plaintiffs in the Limitation Proceeding [Rec. Doc. 35] for damages allegedly arising out of the Incident.

9.

Pursuant to Rule F(8) of the Supplemental Rules for Admiralty and Maritime Claims and Asset Forfeiture Actions, Third-Party Plaintiffs state and reaffirm that the Cox claim is controverted, denied, and rejected.

10.

At all times materials and upon information and belief, the Third-Party Defendant, Branch Pilots, is a Louisiana limited liability company, that operated, controlled and manned Pilots Station East, SW Pass, LA-Station ID: PSTL1 – 8760922 (hereinafter the "Southwest Pass Pilots Station").

11.

This Court has admiralty and maritime jurisdiction of this Third-Party Demand pursuant to 28 U.S.C. § 1333 and Rules 9(h) and 14(c) of the Federal rules of Civil Procedure.

12.

Venue is proper in this District as the Incident took place within this District.

13.

This Third-Party Demand is filed pursuant to Rule 14(c)(1) of the Federal Rules of Civil Procedure, as Cox has filed a claim under Rule 9(h) against Third-Party Plaintiffs in the Limitation Proceedings, for which impleader is allowed. As provided in Rule 14(c)(i), and as more specifically set forth below, Third-Party Plaintiffs assert that Branch Pilots "may be wholly or partially liable – to the plaintiff or to the Third-Party Plaintiff – for remedy over, contribution, or otherwise on account of the same transaction, occurrence or series of transactions or occurrences" made the basis of Cox's claims against the Third-Party Plaintiffs in the Limitation Proceeding and Cox's Original Lawsuit. *See* Fed. R. Civ. P. 14(c)(1).

14.

Further, as more specifically set forth below, and without prejudice to Third-Party Plaintiffs' demand for exoneration from or limitation of liability to Cox, Third-Party Plaintiffs demand judgment in Cox's favor against Branch Pilots pursuant to Rule 14(c)(2) for all Cox claims asserted in the Limitation Proceeding and the Cox's Original Lawsuit. Accordingly, Branch Pilots must defend under Rule 12 not only against Third-Party Plaintiffs' claims, but also against Cox's claims, as if Cox had sued Branch Pilots directly. *See* Fed. R. Civ. P. 14(c)(2).

## CLAIMS TENDERED TO, AND MADE AGAINST, ASSOCIATED BRANCH PILOTS OF THE PORT OF NEW ORLEANS

15.

Branch Pilots at all material times operated, controlled and manned the Southwest Pass Pilot Station.

16.

As the M/T ATINA was safely and securely anchoring at a proper location within the Southwest Pass Anchorage, the Southwest Pass Pilots Station ordered the M/T ATINA to move from its location to another location four miles from the Southwest Pass Sea Buoy.

17.

While complying with Southwest Pass Pilots Station's improper and baseless order to move from its initial anchorage position, the M/T ATINA experienced currents, waves and other conditions that caused the M/T ATINA to allide with the Cox SP 57B platform.

18.

The Incident was caused not by the acts, omissions, or culpable conduct of the Third-Party Plaintiffs, but was caused in whole or in part by the acts, omissions, and culpable conduct of Third-Party Defendant, including but not limited to, ordering the M/T ATINA to move from its safe, secure and proper anchorage position within the confines of the Southwest Pass Anchorage to another location in the Gulf of Mexico, with no legal authority or basis to evict the ATINA from its initial anchorage position.

19.

Because the Incident was caused, in whole or in part, by the acts, omissions, and culpable conduct of the Third-Party Defendant, Third-Party Plaintiffs hereby tender Branch Pilots, pursuant to Rule 14(c)(2), as a direct defendant to Cox, and demand judgment in Cox's favor against Branch Pilots.  As such, Branch Pilots must file responsive pleadings to Cox's claims in the Limitation Proceeding and Cox's Original Lawsuit, pursuant to Rule 14(c)(2).

20.

In the event that Cox is able to recover against Third-Party Plaintiffs, in whole or in part, for damages as a result of the allegations set forth in Cox's claim, which damages and alleged entitlement to recovery are expressly denied, then, in that event, Third-Party Plaintiffs are entitled to a judgment against Branch Pilots for reimbursement, contribution, indemnity or otherwise, of any and all sums awarded to Cox, together with all disbursements, interest, costs, and attorney's fees expended in defense of said claims.

21.

In addition, because the acts, omissions, and culpable conduct of Branch Pilots caused Third-Party Plaintiffs to suffer their own damages, including but not limited to physical damage to the M/T ATINA, loss of use damages, possible fines and other expenses, Third-Party Plaintiffs are entitled to a judgment against Branch Pilots for such damages plus interest, costs, and attorney's fees.

**WHEREFORE**, Third-Party Plaintiffs respectfully pray:

1. That process in due form of law, according to the practice of this Court in causes of admiralty and maritime jurisdiction pursuant to the provisions of Rules 4, 9(h), and 14(c) of the Federal Rules of Civil Procedure, issue against the Third-Party Defendant, Branch Pilots, requiring them to appear and answer all Claims in the Limitation Proceeding and Cox's Original Lawsuit that have been asserted against or tendered to them, as set forth above;

2. That Cox have Judgment directly against the Third-Party Defendant, Branch Pilots, for all Cox's claimed damages in the Limitation Proceeding and Cox's Original Lawsuit;

3. That the Third-Party Plaintiffs have Judgment against Third-Party Defendant, Branch Pilots, for the full amount of the Judgment, if any, that is entered against Third-Party Plaintiffs on Cox's claims, plus all disbursements, interest, costs, and attorney's fees expended by Third-Party Plaintiffs in defense of said claims;

4. That the Third-Party Plaintiffs have judgment against Third-Party Defendant, Branch Pilots, for the full amount of Third-Party Plaintiffs' own affirmative damage for such damages, plus interest, costs, and attorney's fees as set forth above; and

5. For all other and further general and equitable relief under applicable law and any such other relief that the Court deems just and appropriate.

.

    Respectfully submitted,

    MURPHY, ROGERS, SLOSS,
      GAMBEL & TOMPKINS

    /s/ Robert H. Murphy
    Robert H. Murphy, T.A. (#9850)
    rmurphy@mrsnola.com
    Peter B. Sloss (#17142)
    psloss@mrsnola.com
    Peter B. Tompkins (#17832)
    ptompkins@mrsnola.com
    Timothy D. DePaula (#31699)
    tdepaula@mrsnola.com
    701 Poydras Street
    Suite 400, One Shell Square
    New Orleans, LA   70139
    Telephone: (504) 523-0400
    Fax: (504) 523-5574
    *Attorneys for Third-Party Plaintiffs/Limitation Petitioners, Hanzhou 1 Ltd, Atina Maritime Limited, Besiktas Likid Tasimacilik Denizcilik Ticaret A.S. and Ciner Ship Management, as managers, of the M/T ATINA*
    4849-4993-4335, v. 1