UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **COX OPERATING, LLC** | **CIVIL ACTION** |
| **VERSUS** | **NO: 20-2845**<br>**c/w 20-2871** |
| **ATINA M/V ET AL.** | **SECTION "H"**<br>**(Applies to 20-2845)** |

## ORDER AND REASONS

Before the Court is Cox Operating, LLC's Motion to Modify Order Restraining Prosecution of Claims and to Allow Pursuit of Claim against Master of Vessel (Doc. 65). For the following reasons, the Motion is **GRANTED**.

## BACKGROUND

On October 18, 2020, Cox Operating, LLC ("Cox") moved this Court for the issuance of a Warrant of Arrest on the M/V ATINA in connection with damages it incurred when the M/V ATINA allided with its offshore platform ("the Arrest Action").[1] Cox named the Captain of the M/V ATINA, F. Onur

---

[1] Case No. 20-2845.

1

Hurmuzlu, a defendant in the Arrest Action. On October 21, 2020, the M/V ATINA was arrested.

In response, Hanzhou 1 Ltd., as owner of the M/V ATINA; Atina Maritime Limited, as bareboat charterer; and Besiktas Likid Tasimacilik Denizcilik Ticaret A.S. and Ciner Ship Management, as managers (collectively "Petitioners"), filed a Limitation of Liability action ("the Limitation Action").[2] The two matters were consolidated before this Court. In the Limitation Action, Petitioners furnished a letter of undertaking in the amount of the value of the M/V ATINA and her freight, and all claims against Petitioners related to the incident were stayed, including Cox's claims in the Arrest Action. The order staying the prosecution of claims restrained all actions arising out of the October 17, 2020 allision "against the M/T ATINA, her officers and crews, against any property of Petitioners, or against Petitioners' employees or underwriters except in this action . . . until the hearing and determination of this action."[3]

In the instant motion, Cox asks this Court to modify the order restraining prosecution of claims to the extent that it prevents claims against the officers and crew of the M/V ATINA outside of the Limitation Action. Cox also asks this Court to allow it to pursue its claim against Captain Hurmuzlu in the Arrest Action.

---

[2] Case No. 20-2871.
[3] *Id.* at Doc. 4.

2

## LAW AND ANALYSIS

The Limitation of Liability Act provides that "the liability of the *owner* of a vessel for any claim, debt, or liability described in subsection (b) shall not exceed the value of the vessel and pending freight."[4] It expressly provides, "This chapter does not affect the liability of an individual as a master, officer, or seaman, even though the individual is also an owner of the vessel."[5] Indeed, the Fifth Circuit has confirmed that the benefits of the Act are, "by their plain terms, conferred on ship *owners* only."[6]

Petitioners do not dispute this statement of law. Rather, they argue that this Court should use its inherent power to control its docket to maintain the stay in this matter. Petitioners argue that allowing Cox to proceed in a claim against the Master of the vessel is a waste of time and effort because Capt. Hurmuzlu is not a party to Petitioners' P&I insurance coverage and therefore recovery from him is unlikely. Petitioners do not, however, provide this Court with any case in which a court used its inherent authority to extend a limitation injunction beyond the clear language of the Limitation Act. The Fifth Circuit has advised that even where the purposes of the Limitation Act are inconsistent with the remedies provided therein, "it is not within the province of this Court to reconcile any such inconsistencies when the language

---

[4] 46 U.S.C.A. § 30505 (emphasis added).
[5] 46 U.S.C.A. § 30512.
[6] Zapata Haynie Corp. v. Arthur, 926 F.2d 484, 485 (5th Cir. 1991).

of the Act is plain."[7] Accordingly, this Court declines Petitioners' invitation to continue the stay beyond the clear terms of the Limitation Act.

## CONCLUSION

For the foregoing reasons, the Motion is **GRANTED**.

**IT IS ORDERED** that the phrases "her officers and crews" and "employees" in Paragraph 6 of Record Document 4 in Case No. 20-2871 are **STRICKEN**.

**IT IS FURTHER ORDERED** that Cox may proceed with its claim against Captain Hurmuzlu in Case No. 20-2845.

New Orleans, Louisiana this 3rd day of December, 2021.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**

---

[7] *Id.* at 486.