UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| COX OPERATING, L.L.C.<br><br>VERSUS<br><br>M/V ATINA, Et Al | CIVIL ACTION NO:  2:20-cv-02845<br>c/w 2:20-cv-02871<br><br>DISTRICT JUDGE<br>HON. JANE TRICHE MILAZZO<br><br>MAGISTRATE JUDGE<br>HON. DONNA PHILLIPS CURRAULT<br><br>APPLIES TO ALL CASES |

### ANSWER TO THIRD-PARTY DEMAND BY THIRD-PARTY PLAINTIFFS AND COMPLAINT, AMENDED COMPLAINT AND CLAIM IN LIMITATION BY COX OPERATING, LLC

**NOW INTO COURT,** through undersigned counsel, comes Associated Branch Pilots of the Port of New Orleans, LLC ("ABP" or "Third-Party Defendant"), who responds to the Third-Party Demand [Rec. Doc. 152] filed by Hanzhou 1 Ltd, as owner, Atina Maritime Limited, as bareboat charterer, and Besiktas Likid Tasimacilik Denizcilik Ticaret A.S. and Ciner Ship Management, as managers of the M/T ATINA, and the M/T ATINA, in rem (collectively, "Third-Party Plaintiffs") and the Complaint [Rec. Doc. 1], Amended Complaint [Rec. Doc. 10] and Claim in Limitation [Rec. Doc. 35] of Cox Operating, LLC ("Cox"), via the F.R.C.P. Rule 14(c) tender of Third-Party Defendant to Cox, as follows:

### FIRST DEFENSE

The Third-Party Demand, Complaint, Amended Complaint and Claim in Limitation fail to state claims against ABP upon which relief can be granted.

### SECOND DEFENSE

The Third-Party Demand, Complaint, Amended Complaint and Claim in Limitation are barred by the applicable period of prescription or statute of limitations, or laches.

## **THIRD DEFENSE**

And now, without waiving any of the foregoing defenses, ABP responds to the allegations of Third-Party Plaintiffs' Third-Party Demand [Rec. Doc. 152] categorically and by paragraph as follows:

1.

The allegations contained in Paragraph 1 of the Third-Party Demand are denied for lack of sufficient information to justify a belief therein.

2.

The allegations contained in Paragraph 2 of the Third-Party Demand are denied for lack of sufficient information to justify a belief therein.

3.

The allegations contained in Paragraph 3 of the Third-Party Demand are denied for lack of sufficient information to justify a belief therein.

4.

The allegations contained in Paragraph 4 of the Third-Party Demand are denied for lack of sufficient information to justify a belief therein.

5.

The allegations contained in Paragraph 5 of the Third-Party Demand are denied for lack of sufficient information to justify a belief therein.

6.

The allegations contained in Paragraph 6 of the Third-Party Demand are denied for lack of sufficient information to justify a belief therein.

7.

The allegations contained in Paragraph 7 of the Third-Party Demand are admitted.

8.

The allegations contained in Paragraph 8 of the Third-Party Demand are admitted.

9.

The allegations contained in Paragraph 9 of the Third-Party Demand contain a controversion, denial and objection to the claim by Cox referenced in Paragraph 8 and do not require a response. To the extent a response is deemed necessary, the allegations of Paragraph 9 of the Third-Party Demand are denied.

10.

ABP admits it is a Louisiana limited liability company. The remainder of the allegations contained in Paragraph 10 of the Third-Party Demand are denied.

11.

ABP admits the Court has admiralty jurisdiction over this matter.

12.

ABP admits that venue is proper in this District.

13.

The allegations of Paragraph 13 of the Third-Party Demand contain jurisdictional statements and procedural statements to which no response is required. The remainder of the allegations of Paragraph 13 of the Third-Party Demand are denied.

14.

The allegations in Paragraph 14 contain prayers for relief to which Third-Party Plaintiffs are not entitled. ABP denies that Third-Party Plaintiffs are entitled to any of the relief sought and

denies that Cox is entitled to judgment against ABP pursuant to the Rule 14(C) of the Federal Rules of Civil Procedure. ABP admits it must defend against the Third-Party Demand and the claims of Cox as if Cox had sued ABP directly but denies that ABP is liable to Third-Party Plaintiffs or Cox and denies that the Rule 14(c) tender by Third-Party Plaintiffs is valid.

15.

ABP denies the allegations of Paragraph 15 of the Third-Party Demand as the terms therein are undefined, vague and ambiguous.

16.

The allegations contained in Paragraph 16 of the Third-Party Demand are denied.

17.

Except to admit that the M/T ATINA allided with the COX SP 57B platform due to the negligence of the vessel, its master and its crew, unseaworthiness of the vessel and other acts of negligence by Third-Party Plaintiffs, the allegations contained in Paragraph 17 of the Third-Party Demand are denied.

18.

The allegations contained in Paragraph 18 of the Third-Party Demand are denied.

19.

The allegations of Paragraph 19 of the Third-Party Demand contain a prayer for relief to which Third-Party Plaintiffs are not entitled. ABP denies the allegations that Third-Party Plaintiffs and/or Cox are entitled to any judgment against ABP.

20.

The allegations of Paragraph 20 of the Third-Party Demand contain a prayer for relief to which Third-Party Plaintiffs are not entitled. ABP denies the allegations that Third-Party Plaintiffs and/or Cox are entitled to any judgment against ABP.

21.

The allegations of Paragraph 21 of the Third-Party Demand are denied. ABP denies that Third-Party Plaintiffs or Cox are entitled to any judgment against it.

22.

The remainder of the Third-Party Demand consists of prayers for relief. ABP denies that Third-Party Plaintiffs are entitled to any of the relief sought and prayed for in their Third-Party Demand and requests that the Court deny Third-Party Plaintiffs the relief requested and issue judgment in favor of ABP dismissing the Third-Party Demand, with prejudice at Third-Part Plaintiffs' sole cost.

ABP denies the allegations of any misnumbered paragraphs or prayers for relief.

## **FOURTH DEFENSE**

And now, without waiving any of the foregoing defenses, ABP responds to the allegations of the Complaint [Rec. Doc. 1] and Amended Complaint [Rec. Doc. 10] filed by Cox pursuant to the F.R.C.P. Rule 14(c) tender of ABP to Cox by Third-Party Plaintiffs, as if the allegations of said Complaint and Amended Complaint were made directly against ABP, categorically and by paragraph as follows:

1.

The allegations of Paragraph 1 of the Complaint are denied for lack of sufficient information to justify a belief therein.

2.

The allegations of Paragraph 2 of the Complaint are denied for lack of sufficient information to justify a belief therein.

3.

The allegations of Paragraph 3 of the Complaint contain a statement of jurisdictional nature to which no response is required. To the extent that a response is deemed necessary, ABP denies that Cox has a maritime lien against ABP, or any vessel owned or operated by ABP.

4.

The allegations of Paragraph 4 of the Complaint are denied for lack of sufficient information to justify a belief therein.

5.

The allegations of Paragraph 5 of the Complaint are denied for lack of sufficient information to justify a belief therein.

6.

The allegations of Paragraph 6 of the Complaint are denied for lack of sufficient information to justify a belief therein.

7.

ABP admits the Court has admiralty jurisdiction over this matter.

8.

ABP admits venue in this District is proper.

9.

The allegations of Paragraph 9 of the Complaint are admitted. ABP denies the allegations of Paragraph 9 of the Complaint as they relate to ABP and ABP denies that it, at any time, owned or operated the M/T ATINA.

10.

ABP denies that it, at any time, owned or operated the M/T ATINA.

11.

ABP admits the M/T ATINA allided with the Cox Platform 58-B. ABP denies that any acts or omissions by or of ABP caused or contributed to the allision and denies the allegations of Paragraph 11, original and as amended, as they relate to ABP. The negligence of Third-Party Plaintiffs and the crew of the vessel and/or unseaworthiness of the vessel were the sole causes of the allision

12.

The allegations of Paragraph 12 of the Complaint are denied for lack of sufficient information to justify a belief therein.

13.

The allegations of Paragraph 13 of the Complaint are denied as they relate to ABP.

14.

The allegations of Paragraph 14 of the Complaint are denied as they relate to ABP.

15.

The allegations of Paragraph 15 of the Complaint are denied for lack of sufficient information to justify a belief therein.

16.

The allegations of Paragraph 16 of the Complaint are denied for lack of sufficient information to justify a belief therein.

17.

The allegations of Paragraph 17 of the Complaint are denied.

18.

The allegations of Paragraph 18 of the Complaint are denied for lack of sufficient information to justify a belief therein.

19.

ABP's responses and denials to Paragraphs 1-18 of the Complaint are incorporated herein as if set forth in full.

20.

The allegations of Paragraph 20 of the Complaint as they relate to ABP are denied.

21.

The allegations of Paragraph 21of the Complaint as they relate to ABP are denied.

22.

ABP admits that a presumption of fault arose against the M/T ATINA because it struck the stationary Cox platform. ABP denies all allegations of Paragraph 22 of the Complaint as they relate to ABP and denies that it owned or operated the M/T ATINA or was in any way responsible or liable for the M/T ATINA.

23.

The allegations of Paragraph 23 of the Complaint are denied as they relate to ABP.

24.

The allegations of Paragraph 24 of the Complaint are denied for lack of sufficient information to justify a belief therein.

25.

The allegations of Paragraph 25 of the Complaint are denied for lack of sufficient information to justify a belief therein.

26.

The allegations of Paragraph 26 of the Complaint are denied as they relate to ABP. ABP submits any and all damages sustained by Cox, if any, are the result of the sole and exclusive fault of Third-Party Plaintiffs and/or crew of the M/T ATINA and/or the unseaworthiness of the M/T ATINA.

27.

The allegations of Paragraph 27 of the Complaint are a prayer for relief. ABP denies that Cox is entitled to any of the relief sought from ABP.

28.

The denials of Paragraphs 1 through 27 are incorporated herein as if set forth in full.

29.

The allegations of Paragraph 29 of the Complaint as amended are denied as they relate to ABP.

30.

The allegations of Paragraph 30 of the Complaint as amended are denied as they relate to ABP.

31.

The allegations of Paragraph 31 of the Complaint as amended are denied as they relate to ABP.

32.

The allegations of Paragraph 32 of the Complaint as amended are denied as they relate to ABP.

33.

The allegations of Paragraph 33 of the Complaint as amended are denied as they relate to ABP.

34.

The allegations of Paragraph 34 of the Complaint as amended are denied as they relate to ABP.

35.

The allegations of Paragraph 35 of the Complaint as amended are denied as they relate to ABP.

36.

The allegations of Paragraph 33 of the Complaint as amended are denied as they relate to ABP.

37.

[Misnumbered as 33 in the Amended Complaint]

ABP incorporates all prior denials as if set forth herein in full.

The remainder of the allegations of the Complaint, original and as amended, contain prayers for relief. ABP denies that Cox is entitled to any relief from ABP whatsoever and

requests that the Court deny the requests for relief as they relate to ABP. All damages, if any, were caused by the negligence of Third-Party Plaintiffs and the crew of the M/T ATINA and/or the unseaworthiness of the M/T ATINA for which ABP is not responsible.

ABP denies the allegations of any misnumbered Paragraphs and prayers for relief.

## **FIFTH DEFENSE**

And now, without waiving any of the foregoing defenses, ABP responds to the allegations of the Claim in Limitation filed by Cox [Rec. Doc. 35], as if the allegations of said Claim in Limitation were made directly against ABP, categorically and by paragraph as follows:

1.

ABP admits that this court has admiralty jurisdiction over this claim.

2.

ABP admits that venue in this District is proper.

3.

The allegations of Paragraph 3 of the Claim in Limitation are denied for lack of sufficient information to justify a belief therein.

4.

The allegations of Paragraph 4 of the Claim in Limitation are denied for lack of sufficient information to justify a belief therein.

5.

The allegations of Paragraph 5 of the Claim in Limitation are denied for lack of sufficient information to justify a belief therein.

6.

The allegations of Paragraph 6 of the Claim in Limitation are denied for lack of sufficient information to justify a belief therein.

7.

The allegations of Paragraph 7 of the Claim in Limitation are denied for lack of sufficient information to justify a belief therein.

8.

The allegations of Paragraph 8 of the Claim in Limitation are denied for lack of sufficient information to justify a belief therein.

9.

ABP admits the M/T ATINA dropped anchor near the SP 57B platform operated by Cox. ABP denies the allegations of Paragraph 9 of the Claim in Limitation as they relate to ABP.

10.

ABP admits that the M/T ATINA pulled up or broke free of its anchorage. ABP denies the allegations of Paragraph 10 of the Claim in Limitation as they relate to ABP.

11.

ABP admits the M/T ATINA allided with the Cox Platform 58-B. ABP denies that any acts or omissions by or of ABP caused or contributed to the allision and denies the allegations of Paragraph 11 of the Claim in Limitation as they relate to ABP.

12.

The allegations of Paragraph 12 of the Claim in Limitation are denied for lack of sufficient information to justify a belief therein.

13.

The allegations of Paragraph 13 of the Claim in Limitation are denied as they relate to ABP.

14.

The allegations of Paragraph 14 of the Claim in Limitation are denied for lack of sufficient information to justify a belief therein as they relate to ABP.

15.

The allegations of Paragraph 15 of the Claim in Limitation are denied for lack of sufficient information to justify a belief therein as they relate to ABP.

16.

The allegations of Paragraph 16 of the Claim in Limitation are denied for lack of sufficient information to justify a belief therein as they relate to ABP.

17.

The allegations of Paragraph 17 of the Claim in Limitation are denied as they relate to ABP.

18.

The allegations of Paragraph 18 of the Claim in Limitation are denied for lack of sufficient information to justify a belief therein.

19.

The allegations of Paragraph 19 of the Claim in Limitation contain conclusions of law. ABP denies the allegations of Paragraph 19 as they relate to ABP and ABP denies it owed or breached any duty to Cox or Third-Party Plaintiffs.

20.

The allegations of Paragraph 20 of the Claim in Limitation contain conclusions of law. ABP denies the allegations of Paragraph 20 as they relate to ABP and ABP denies it breached any duty to Cox. ABP admits the M/T ATINA allided with the Cox platform but denies that any act or omission by or of ABP caused or contributed to the allision.

21.

The allegations of Paragraph 21 of the Claim in Limitation contain conclusions of law. ABP denies the allegations of Paragraph 21 as they relate to ABP and ABP denies it breached any duty to Cox. ABP admits that the M/T ATINA is presumed to be at fault but denies that ABP is in any way at fault for the allision or responsible for the M/T ATINA, which at all times was under the exclusive direction and control of Third-Party Plaintiffs and its crew.

22.

ABP admits the M/T ATINA allided with the Cox Platform 58-B. ABP admits that the M/T ATINA is presumed to be at fault. ABP denies that any acts or omissions by or of ABP caused or contributed to the allision and denies the allegations of Paragraph 22 of the Claim in Limitation as they relate to ABP.

23.

The allegations of Paragraph 23 of the Claim in Limitation as they relate to ABP are denied.

24.

The allegations of Paragraph 24 of the Claim in Limitation are denied as they relate to ABP.

25.

The allegations of Paragraph 25 of the Claim in Limitation are denied as they relate to ABP.

26.

The allegations of Paragraph 26 of the Claim in Limitation are denied as they relate to ABP.

27.

The allegations of Paragraph 27 of the Claim in Limitation are denied as they relate to ABP.

28.

The allegations of Paragraph 28 of the Claim in Limitation are denied as they relate to ABP.

29.

The allegations of Paragraph 29 of the Claim in Limitation are denied as they relate to ABP.

30.

The allegations of Paragraph 30 of the Claim in Limitation are denied as they relate to ABP.

31.

The allegations of Paragraph 31 of the Claim in Limitation are denied as they relate to ABP. ABP denies that Cox is entitled to recover damages from ABP for the allision.

The remainder of the allegations of the Claim in Limitation contain prayers for relief. ABP denies that Cox is entitled to any relief from ABP whatsoever and requests that the Court

deny the requests for relief as they relate to ABP. All damages, if any, were caused by the negligence of Third-Party Plaintiffs and the crew of the M/T ATINA and/or the unseaworthiness of the M/T ATINA for which ABP is not responsible.

**AND NOW**, without waiving any of the foregoing defenses and denials, ABP submits the following additional defenses in response to the Third-Party Demand by Third-Party Plaintiffs and the Complaint (both original and as amended) and Claim in Limitation by Cox:

## SIXTH DEFENSE

ABP denies the allegations of any unnumbered and/or mis-numbered paragraphs, any allegations contained in the Prayer for Relief, and any allegations contained in the Third-Party Demand, Rule 14(c) Tender, Complaint (original and as amended) and Claim in Limitation which have not heretofore been addressed.

## SEVENTH DEFENSE

The incident at issue, and all damages or injuries allegedly sustained by any party as a result thereof, was proximately caused by the negligence of Third-Party Plaintiffs and their principles, agents, servants, and/or employees and/or the crew of the M/T ATINA, and was a direct and proximate result of the unseaworthy conditions existing aboard the M/T ATINA, which occurred with privity and knowledge of Third-Party Plaintiffs, their principles, agents, servants, and/or employees and for which ABP is not liable.

## EIGHTH DEFENSE

Third-Party Plaintiffs' and Cox's claims against ABP are barred by the doctrines of unclean hands, equitable estoppel, and other equitable defenses.

**NINTH DEFENSE**

ABP expressly denies it is in any way at fault for the allision or any alleged damages of Cox or the Third-Party Plaintiffs that resulted from the allision and that all alleged damages were the result of the sole and exclusive fault of Third-Party Plaintiffs.

**TENTH DEFENSE**

While denying any liability to Cox and Third-Party Plaintiffs whatsoever, ABP further avers that the injuries allegedly sustained by Cox and/or Third-Party Plaintiffs were caused in whole or in part by the fault, acts, negligence, or omissions of a third party or parties over whom ABP exercises no control or supervision and for whom ABP has no responsibility or liability, such parties being solely and/or concurrently at fault or negligent, and in the event that it is determined that Cox or Third-Party Plaintiffs are entitled to recover from ABP, which is denied, such recovery should be reduced in proportion to the degree or percentage of negligence or fault of such third parties.

**ELEVENTH DEFENSE**

While denying any liability to Cox or Third-Party Plaintiffs whatsoever, in the alternative, ABP avers that the incident made the basis of this lawsuit and the damages allegedly sustained by Cox were neither caused by nor contributed to by ABP, but rather were caused by the sole and exclusive fault of Third-Party Plaintiffs and/or were the results of fortuitous events as defined by law.

**TWELFTH DEFENSE**

In further answering, ABP represents that at all pertinent times it conducted its affairs in a safe and lawful manner adhering to state and federal guidelines, laws and regulations, industry

standards, rules and regulations, and accepted practices of the industry, both locally and nationally, and was free from fault, negligence, strict liability, or any other culpable conduct.

### THIRTEENTH DEFENSE

ABP has fulfilled any and all duties owed to Cox and/or Third-Party Plaintiffs, if any.

### FOURTEENTH DEFENSE

ABP alleges and avers that any injuries and/or damages allegedly sustained by Cox or Third-Party Plaintiffs were caused by the negligence and/or fault of Third-Party Plaintiffs and/or the crew of the M/T ATINA, who were negligent, or at fault in the following particulars, but not limited thereto:

1. Failure to maintain a proper lookout;
2. Failure to maintain control of the vessel;
3. Failure to properly anchor the vessel;
4. Failure to properly maneuver the vessel;
5. Failure to see what should have been seen under the prevailing circumstance;
6. Failure to exercise reasonable care;
7. Failure to take proper precaution to avoid the alleged allision;
8. Failure to follow the Inland Rules of Navigation and/or the International Regulations for Preventing Collisions at Sea;
9. Failure to utilize safety measures available and/or instructions to prevent the accident; and
10. Any and all acts of negligence and/or conditions of unseaworthiness or assumptions of risk which will be proved at trial.

**FIFTEENTH DEFENSE**

In the event that it is determined that Third-Party Plaintiffs or Cox are entitled to recover from ABP, which is denied, such recovery from ABP should be reduced in proportion to the degree or percentage of negligence or fault of Third-Party Plaintiffs and the crew of the M/T ATINA and Cox and the unseaworthiness of the M/T ATINA.

**SIXTEENTH DEFENSE**

In the further alternative, ABP alleges and avers that Third-Party Plaintiffs and/or Cox have failed to mitigate its/their alleged damages and recovery herein is mitigated or defeated.

**SEVENTEENTH DEFENSE**

ABP avers that the allision in question resulted solely from the fault and negligence and unseaworthiness of the M/T ATINA, all of which was within the privity and knowledge of Third-Party Plaintiffs, and, therefore, Third-Party Plaintiffs should be held responsible for the damages resulting from the allision and are not entitled to Exoneration from or Limitation of Liability.

**EIGHTEENTH DEFENSE**

ABP files this answer without prejudice to its right to proceed against such other vessels, persons, business entities, associations, firms, and/or corporations which may have caused or contributed to the damages allegedly sustained by Cox or Third-Party Plaintiffs, or from whom ABP is entitled to contribution, indemnity, or other recovery.

**WHEREFORE,** the premises considered, Associated Branch Pilots of the Port of New Orleans, LLC prays that this Answer be deemed good and sufficient and, that after due proceedings be had, there be judgment herein in favor of third-party defendant, Associated Branch Pilots of the Port of New Orleans, LLC, and against Third-Party Plaintiffs and Cox Operating, LLC, dismissing the Third-Party Demand and Rule 14(c) tender, and the Complaint,

Amended Complaint and Claim in Limitation as to Third-Party Defendant, at Third-Party Plaintiffs' sole cost, and that Third-Party Defendant, Associated Branch Pilots of the Port of New Orleans, LLC, be granted such other and further relief as equity and the justice of the cause may require and permit.

        Respectfully submitted,

        */s/ Jacques P. DeGruy*
Robert R. Johnston, T.A. (#22442)
Jacques P. DeGruy (#29144)
Constance C. Waguespack (#36416)
Courtney E. Crowell (#38708)
**PUSATERI, JOHNSTON, GUILLOT & GREENBAUM, LLC**
1100 Poydras Street, Suite 2250
New Orleans, Louisiana 70163
Telephone: (504) 620-2500
Facsimile: (504) 620-2510
Robert.Johnston@pjgglaw.com
Jacques.DeGruy@pjgglaw.com
Constance.Waguespack@pjgglaw.com
Courtney.Crowll@pjgglaw.com
**Attorneys for Associated Branch Pilots of the Port of New Orleans, LLC**