UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| COX OPERATING, L.L.C. | * | CIVIL ACTION |
| VERSUS | * | NO. 20-2845 C/W 20-2871 |
| ATINA M/V ET AL | * | SECTION "H" (2) |
| *   *   *   *   *   *   *   * | | JUDGE MILAZZO<br>MAG. CURRAULT |
| | | APPLIES TO ALL CASES |

**CINER SHIP MANAGEMENT'S MEMORANDUM**
**IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

**MAY IT PLEASE THE COURT:**

Ciner Ship Management[1] was one of the entities that filed a Petition for Exoneration From Or Limitation of Liability pursuant to 46 U.S.C. §30501, *et seq* on 21 October 2021 (C.A. No. 20-2871, R. Doc. 1) after the M/T ATINA's 17 October 2020 allision with the SP 57-B platform in the Gulf of Mexico. Ciner Ship Management now moves for summary judgment seeking exoneration from liability or, alternatively, limitation of its liability to the Limitation Fund under 46 U.S.C. §30501, *et seq* for the M/T ATINA's 17 October 2020 allision with the SP 57-B platform.

Ciner Ship Management also moves for summary judgment seeking dismissal of Claimants' punitive damage claim against it.

---

[1] Ciner Ship Management is the English translation of "Ciner Ship Management Gemi Acente Isletmeleri Sanayi Ve Ticaret A.S.", the proper Turkish name of the company that acted as the commercial manager for Atina Maritime Limited

1

There is no genuine issue of material fact that Ciner Ship Management was the commercial manager for Atina Maritime Limited ("Atina Maritime"), the bareboat charterer of M/T ATINA in October 2020. As commercial manager, Ciner Ship Management handled Atina Maritime's one long-term time charter for the M/T ATINA with Koch, collected charter hire and placed the insurance for the vessel. Ciner Ship Management neither owned nor chartered the M/T ATINA; it did not employ the vessel's master or crew; and it did not exercise control over the vessel's navigation on 17 October 2020 when the M/T ATINA allided with the SP 57-B platform. Claimants have no viable legal bases to allege that Ciner Ship Management owed a duty to Claimants. Further, there is no evidence that Ciner Ship Management breached any duty to sustain a maritime negligence cause of action. Accordingly, Ciner Ship Management is entitled to summary judgment exonerating it from all liability for the vessel's 17 October 2020 allision with the SP-57B platform.

In the alternative, the undisputed material facts establish that Ciner Ship Management lacked privity and knowledge of any act, omission or condition that caused the 17 October 2020 allision, and, therefore, if Ciner Ship Management has any liability for this allision, which is specifically denied, Ciner Ship Management is entitled to summary judgment limiting its liability under 46 U.S.C. 30501, *et seq* to the amount of the Limitation Fund.

Furthermore, Claimants have presented absolutely no evidence that Ciner Ship Management committed any acts related to this allision that were egregious, or

constituted gross negligence or unconscionable conduct. Nor have they proved that Ciner Ship Management exhibited any callous disregard for the rights of others or exhibited actual malice or criminal indifference. Accordingly, Ciner Ship Management is entitled to partial summary judgment dismissing Claimants' punitive damage claim.

## FACTUAL BACKGROUND

Atina Maritime, as the bareboat charterer of the M/T ATINA, had a BIMCO Ship Management Agreement dated 1 January 2019 ("Shipman Agreement") with Besiktas Likid Tasimacilik Denizcilik Ticaret A.S. ("Besiktas") by which Besiktas provided crew management, technical management (including development and implementation of a safety management system) and various other services for the M/T ATINA.[2] The Shipman Agreement incorrectly indicated that Besiktas also would provide commercial management and insurance arrangements for the vessel.[3] Although there was not a written agreement, there was a verbal understanding between Atina Maritime and Ciner Ship Management that Ciner Ship Management would provide commercial management services consisting of chartering the vessel (there was one long-term time charter with Koch in effect since 2015) and collecting charter hire for Atina Maritime.[4] Ciner Ship Management also placed the vessel's insurance.[5]

---

[2] Ex. 1, BIMCO Ship Management Agreement dated 1 January 2019; Ex. 2, pp. 40-46, Deposition of Vasileios Papakalodoukas.
[3] Ex. 2, pp. 40-46.
[4] Ex. 2, pp. 40-46, 50.
[5] Ex. 2, pp. 45-46.

3

The evidence is uncontradicted that Ciner Ship Management was not the employer of any crewmembers aboard the M/T ATINA on the date of the allision; was not responsible for the technical management of the vessel; was not responsible for the implementation of the vessel's safety management system; and was not responsible for the daily operations of the vessel.[6] Atina Maritime had entrusted all of the M/T ATINA's technical management, safety management and crew management responsibilities to Besiktas.[7]

## LAW AND ARGUMENT

### A.   Summary Judgment Standard

A party is entitled to summary judgment on a showing that no genuine issue as to any material fact exists and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247, 106 S.Ct. 2502, 2510 (1986); *Topalian v. Ehrman*, 954 F.2d 1125, 1131 (5th Cir. 1992). A material fact is any fact "that might affect the outcome of the suit under the governing law." *Anderson*, 477 U.S. at 248, 106 S.Ct. at 2510. If the opposing party bears the burden of proof at trial, as the plaintiff does in this case, the moving party does not have to submit evidentiary documents to properly support its motion, but need only point out the absence of evidence supporting the essential elements of the opposing party's case. *Saunders v. Michelin Tire Corp.*, 942 F.2d 299, 301 (5th Cir. 1991).

---

[6] Ex. 2, pp. 50-52; Ex. 3, pp. 63-65, Deposition of Gokhan Oruc.
[7] Ex. 1; Ex. 2, pp. 33-35, 49-52.

4

To oppose a motion for summary judgment, the non-movant cannot rest on mere allegations or denials but must set forth specific facts showing that there is a genuine issue of material fact remaining for trial. Rule 56(e); *Celotex Corp. v. Catrett*, 477 U.S. 317, 321-322, 106 S.Ct. 2548, 2542-53 (1986); *Floors Unlimited, Inc. v. Fieldcrest Cannon, Inc.*, 55 F.3d 181, 184 (5th Cir. 1995).

The Fifth Circuit summarized plaintiff's burden in responding to a motion for summary judgment as follows:

> **[T]he non-movant must identify specific evidence in the summary judgment record demonstrating that there is a material fact issue concerning the essential elements of [his] case for which [he] will bear the burden of proof at trial.** [T]here is no material fact issue unless the evidence is such that a reasonable jury could return a verdict for the nonmoving party. In addition, **conclusory allegations, speculation, and unsubstantiated assertions are inadequate to satisfy the nonmovant's burden.**

*Eberle v. Gonzales*, 240 Fed. Appx. 622, 625 (5th Cir. 1994)(cleaned up)(emphasis added). According to the Fifth Circuit, the nonmoving party's legal burden "is not satisfied with some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence." *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075-76 (5th Cir. 1994)(*en banc*)(internal citations and quotation marks omitted). The *Little* court further emphasized the need for the non-moving party to submit evidence to support the essential elements of his claim and warned against a court assuming that the nonmoving party can prove facts at trial:

> We resolve factual controversies in favor of the nonmoving party, but only when there is an actual controversy, that is, when both parties have submitted evidence of contradictory

5

> facts. *We do not, however, in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts.*

*Id.* at 1075 (italics in original)(citing *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888, 110 S.Ct. 3177, 3188, 111 L.Ed.2d 695 (1990)).

In the present case, Claimants lack evidence to prove the essential elements of their claims against Ciner Ship Management and, therefore, Ciner Ship Management is entitled to exoneration from liability. Alternatively, the undisputed material facts establish that Ciner Ship Management lacked privity or knowledge of any act, omission or condition that caused the 17 October 2020 allision, entitling Ciner Ship Management to limit its liability as a matter of law under 46 U.S.C. §30501, *et seq.* And the undisputed material facts establish that Ciner Ship Management cannot be liable for punitive damages as a matter of law.

**B.     Ciner Ship Management Cannot Be Held Liable Because It Did Not Exercise any Control of the M/T ATINA**

Claimants have asserted a maritime negligence claim against various Atina-related parties, including Ciner Ship Management. In order to establish a maritime negligence cause of action against Ciner Ship Management, Claimants must demonstrate that Ciner Ship Management owed a duty to Claimants, breach of that duty, injury, and causation. *See In re Great Lakes Dredge & Dock Co. LLC*, 624 F.3d 201, 211 (5th Cir. 2010); *Canal Barge Tow v. Torco Oil Co.*, 220 F.3d 370, 376 (5th Cir. 2000).

Claimants will not be able to submit any competent evidence establishing that Ciner Ship Management either owned the M/T ATINA, bareboat chartered the M/T

6

ATINA, employed the vessel's master or crew, or exercised any control over the vessel's navigation on the date of this allision or at any other time that would be the basis for a possible argument that Ciner Ship Management owed Claimants a duty. Nor do Claimants have any evidence that Ciner Ship Management breached any alleged duty owed to Claimants.

There can be no dispute that Claimants' various allegations in this litigation concerning the allision, the navigation of the vessel, the situational awareness of the bridge team, and the master exchange all deal with Besiktas' technical management of the vessel, safety management system issues, and manning of the vessel. These allegations have absolutely nothing to do with Ciner Ship Management's role as a commercial manager for Atina Maritime. There is no credible evidence Ciner Ship Management had any involvement in the M/T ATINA's navigation or manning that supposedly resulted in the 17 October 2020 allision. Furthermore, Claimants cannot present a single maritime case where a court has found that a commercial manager of a vessel, whose role was limited to chartering the vessel, collecting charter hire and placing insurance, had a duty with respect to the vessel's navigation or the crewing of the vessel.[8] Clearly, Claimants have failed to establish there is a legal basis to impose a duty on Ciner Ship Management with respect to the M/T ATINA's navigation and manning.

For example, in *In re Can Do, Inc. I*, 2004 WL 2216529 (E.D. La. Sept. 30, 2004), Diamond Offshore Company owned a semi-submersible mobile offshore drilling unit, the

---

[8] Ex. 2, pp. 40-46, 50.

OCEAN CONCORD, situated near Block 69, Green Canyon, off the Louisiana coast in the Gulf of Mexico. *Id.* at *1. Diamond Offshore entered into an agreement with OTI, a vessel brokerage company, to provide vessels for towing and other services to Diamond Offshore's drilling rigs in the Gulf of Mexico. *Id.* OTI, in turn, entered into an agreement with Can Do and other vessel owners pursuant to which the vessel owners would supply suitable vessels to Diamond Offshore Company. *Id.*

Diamond Offshore Company engaged two vessels to move the OCEAN CONCORD: the M/V ELIZABETH ADAMS, an ocean towing tug, and the M/V SEABULK NEVADA, an anchor handling tug supply vessel. Can Do owned and operated both vessels. *Id.* During the hooking-up maneuver, the tug's port propeller struck and punctured the rig's port pontoon. As a result, the OCEAN CONCORD took on water and began to list, requiring the evacuation of personnel from the rig. *Id.* at *2.

The Diamond claimants filed a complaint in Can Do's limitation proceeding against both OTI and Can Do alleging that the accident was caused by the negligence of Can Do and/or OTI. *Id.* at *7. In support of its motion for summary judgment, OTI argued that it was merely a vessel brokerage company that acted as the marketing agent for Can Do in connection with the services of the M/V ELIZABETH ADAMS, and that Can Do owned and operated the M/V ELIZABETH ADAMS, hired the captain and the personnel aboard the vessel, and provided the training for the vessel's employees. OTI contended that even if Can Do is found to be at fault, OTI was not liable because the

Diamond claimants cannot prove that OTI owned or operated the M/V ELIZABETH ADAMS or that it hired or trained her crew. *Id.* at *11.

Judge Africk granted OTI summary judgment dismissing the Diamond claimants' negligence claim:

> [T]he Court finds that the Diamond claimants have failed to identify any factual evidence which establishes that OTI owned or exercised any control over the M/V ELIZABETH ADAMS with respect to this incident that would support a negligence cause of action. …
>
> The Diamond claimants bear the burden of proof at trial with respect to their claims against OTI. For summary judgment, OTI may simply highlight the absence of evidence presented by the Diamond claimants to support its motion. Even assuming, *arguendo*, that OTI owed a duty to the Diamond claimants, the Diamond claimants have presented no evidence that indicates OTI breached a duty or that any breach of that duty caused the damages that the Diamond claimants sustained.
>
> OTI's assertion that it cannot be held liable for the alleged negligence of the vessel's crew because it did not exercise any control of the vessel has not been met with any factual evidence creating a genuine issue of material fact.

*Id.*, at *11-12.

In a recent case, the plaintiff filed suit to recover for alleged injuries he incurred while aboard the M/V Dustin Danos, "a vessel owned, operated, and/or managed by Defendants." In moving for summary judgment, defendants GOL and Gulf Offshore asserted that they were not liable to the plaintiff under general maritime law negligence. Plaintiffs entire argument rested on the assertion that the defendants were the "operator" of the M/V Dustin Danos at the time of the accident. The court disagreed:

> Here, Plaintiff has presented no evidence to show that Defendants had control over the M/V Dustin Danos at the time of Plaintiff's alleged accident. Defendants' roles were confined to "ship manager/commercial

9

manager." Moreover, the operating agreement makes clear that Offshore Transport Services, LLC was owner of, and REC Marine Logistics, LLC was the operator of, the M/V Dustin Danos. There is nothing in the record to support the allegation that either of the Defendants exercised any control of the M/V Dustin Danos at the time of the accident. Accordingly, to the extent Plaintiff asserts a claim against either GOL or Gulf Offshore for third-party negligence under maritime law, such claims [are] DIMISSED WITH PREJUDICE.

*Griffin v. REC Marine Logistics LLC*, 2022 WL 256293, at *3 (M.D. La. Jan. 26, 2022).

And, even if Claimants established that Ciner Ship Management owed a duty with respect to the M/T ATINA's navigation and manning, Claimants cannot provide any evidence that Ciner Ship Management breached that duty in a manner that was a proximate cause of any damage to Claimants. Accordingly, Ciner Ship Management is entitled to summary judgment exonerating it from all liability for the 17 October 2020 allision.

Alternatively, the record contains not one iota of evidence that Ciner Ship Management had any privity or knowledge of any act, omission or condition that proximately caused the M/T ATINA's 17 October 2020 allision. Therefore, if Ciner Ship Management had any liability for this allision, which is specifically denied, it is entitled to summary judgment limiting its liability under 46 U.S.C. §30501, *et seq.* to the amount of the Limitation Fund. 46 U.S.C. § 30505(b).

**C.    Ciner Ship Management is Entitled to Dismissal of Claimants' Punitive Damage Claim**

Claimants lack evidence to prove the key elements to support their punitive damage claim against Ciner Ship Management. In addition to not being able to

demonstrate that Ciner Ship Management owed a duty or breached any duty to them, Claimants totally lack any evidence that Ciner Ship Management committed any acts related to this allision, much less any acts "so egregious as to constitute gross negligence, related to this allision that were reckless or callous disregard for the rights of others, or actual malice or criminal indifference." *In re Crosby Marine Transp.*, 2021 WL 1931168 at *4 (citing *Maritrans Operating Partners v. Diana T*, 1999 WL 144458 at *7 (E.D. La. Mar. 15, 1999). See *Exxon Shipping Co. v. Baker,* 554 U.S. 471, 492, 128 S.Ct. 2605, 171 L.Ed.2d 570 (2008). Clearly, Claimants have failed to establish Ciner Ship Management had "committed the civil equivalent of a crime" necessary to impose punitive damages. 1 Thomas J. Schoenbaum, Admiralty and Maritime Law §5:10 (6th Ed 2020). Claimants have fallen woefully short of meeting their heavy legal burden to prove punitive damages under maritime law. Therefore, if nothing else, Ciner Ship Management is entitled to partial summary judgment dismissing Claimants' punitive damage claim.

## CONCLUSION

For the forgoing reasons, Ciner Ship Management, the commercial manager of the M/T ATINA, is entitled to summary judgment exonerating it from any and all liability arising out of or relating to the M/T ATINA's allision with the SP-57B platform on 17 October 2020.

In the alternative, the undisputed facts establishes that Ciner Ship Management lacked privity and knowledge of any act, omission or condition that was a proximate

cause of the vessel's allision with the SP-57B platform on 17 October 2020 and, therefore, it is entitled to limit its liability under 46 U.S.C. §30501, *et seq.* to the amount of the Limitation Fund with respect to that allision.

Further, for the reasons set forth, Ciner Ship Management is entitled to summary judgment dismissing Claimants' punitive damage claim.

Respectfully submitted,

MURPHY, ROGERS, SLOSS,
  GAMBEL & TOMPKINS

*/s/ Robert H. Murphy*
_____
Robert H. Murphy, T.A. (#9850)
rmurphy@mrsnola.com
Peter B. Sloss (#17142)
psloss@mrsnola.com
Peter B. Tompkins (#17832)
ptompkins@mrsnola.com
Timothy D. DePaula (#31699)
tdepaula@mrsnola.com
701 Poydras Street
Suite 400, Hancock Whitney Center
New Orleans, LA   70139
Telephone:  (504) 523-0400
Fax:  (504) 523-5574
*Attorneys for Petitioner, Ciner Ship Management*
4893-7506-6707, v. 1