UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**COX OPERATING, LLC**                                **CIVIL ACTION**

**VERSUS**                                            **NO: 20-2845
                                                      c/w 20-2871**

**ATINA M/V ET AL.**                                  **SECTION "H"**

## ORDER

    Before the Court is the issue of sealing certain documents in this matter. Limitation Petitioners have asked this Court to seal certain documents from the public record that discuss "sensitive commercial information relating to Petitioner Besiktas' dealings with its most important clients."[1] Specifically, Petitioners seek to seal incident reports created by Besiktas after the allision at issue here which detail its root cause analyses, emails between Besiktas and its clients discussing those reports, and any mention of either in the briefing or depositions in this matter. Petitioners point out that the documents at issue were marked confidential pursuant to a protective order between the parties. Claimants oppose the request to seal these documents, arguing that the documents do not contain sensitive commercial information and that they are "merely embarrassing to the Petitioners."[2]

---

[1] Doc. 267.
[2] Doc. 293.

The Fifth Circuit has advised that "[t]o decide whether something should be sealed, the court must undertake a document-by-document, line-by-line balancing of the public's common law right of access against the interests favoring nondisclosure."[3] "[T]he working presumption is that judicial records should not be sealed. . . . And, to the extent that any sealing is necessary, it must be congruent to the need."[4] "Although countervailing interests can outweigh the right of public access, the party seeking to overcome the presumption of access bears the burden to show that the interest in secrecy outweighs the presumption."[5] Further, "[t]he greater the public interest in the litigation's subject matter, the greater the showing necessary to overcome the presumption of access."[6] The Fifth Circuit has also cautioned that the fact "[t]hat a document qualifies for a protective order under Rule 26(c) for discovery says nothing about whether it should be sealed once it is placed in the judicial record."[7] Pursuant to Local Rule 5.6, a request for a document to be sealed must be accompanied by a non-confidential description of what is to be sealed, a statement as to why sealing is necessary, reference to governing case law, and a statement of the period of time the party seeks to have the matter maintained under seal.

"To warrant filing the materials under seal, [Petitioners have] the burden of proof to establish that [the materials] constitute a trade secret or other confidential research, development, or commercial information, that [their] interest in secrecy outweighs the presumption of a public record and

---

[3] June Med. Servs., L.L.C. v. Phillips, 22 F.4th 512, 521 (5th Cir. 2022)
[4] *Id.*
[5] Shell Offshore, Inc. v. Eni Petroleum US LLC, No. CV 16-15537, 2017 WL 4226153, at *1 (E.D. La. Sept. 22, 2017) (quoting Liljeberg Enters. Int'l, LLC v. Vista Hosp. of Baton Rouge, Inc., No. 04-2780, 2005 WL 1309158, at *1 (E.D. La. May 19, 2005)).
[6] *June Med. Servs., L.L.C.*, 22 F.4th at 520 (quoting Shane Grp. v. Blue Cross Blue Shield of Mich., 825 F.3d 299, 305 (6th Cir. 2016)).
[7] *Shell Offshore, Inc.*, 2017 WL 4226153, at *1.

that disclosure would cause an identifiable, significant harm."[8] This Court finds that Petitioners do not "identify any particular confidential information . . . that may cause it harm."[9] Specifically, Petitioners do not identify how disclosure of the fact that Besiktas "revised its incident reports/root causes analyses at the requests of three of its largest customers" will cause it harm other than to say that it will "affect its sensitive customer relations."[10] This Court does not find this explanation sufficiently particular or compelling to overcome the presumption of public access. Further, "[t]he rationale for public access is even greater where, as here, the case involve[s] matters of particular[] public interest."[11] This Court finds that the public interest in knowing the cause of a tanker allision with an oil platform in public waterways outweighs Petitioners' interest in secrecy.

Accordingly;

**IT IS ORDERED** that Petitioners' Motion to Seal (Doc. 305) is **DENIED**.

**IT IS FURTHER ORDERED** that Petitioners' Motion to Remove Certain Portions of Claimants' Motion for Summary Judgment (Doc. 267) is **DENIED**.

**IT IS FURTHER ORDERED** that the Court's order granting Petitioner's Motion to Seal is **WITHDRAWN** (Doc. 283), Petitioners' Motion to Seal is **DENIED** (Doc. 276), and Record Document 275 shall be unsealed in its entirety.

---

[8] *Id.* (internal quotations and citations omitted).
[9] N. Cypress Med. Ctr. Operating Co. v. Cigna Healthcare, 781 F.3d 182, 204 (5th Cir. 2015).
[10] Doc. 309.
[11] *June Med. Servs., L.L.C.*, 22 F.4th at 520.

New Orleans, Louisiana, on this 25th day of April, 2023.

_____
**JANE TRICHE MILAZZO
UNITED STATES DISTRICT JUDGE**